## ART CENTER SCHOOL
### v.
### The UNITED STATES.
### No. 228–53.

United States Court of Claims.
June 5, 1957.

James Perkins Parker, Washington, D. C., for plaintiff.

Martin E. Rendelman, Chevy Chase, Md., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action to recover the difference between plaintiff's "customary rate" for tuition furnished to veterans and the rate paid therefor by the Veterans' Administration.

The case was previously before the court, and pursuant to pretrial stipulation between the parties, consideration of this case was first limited to the issue of defendant's liability, reserving the determination of the amount of recovery and the amount of offsets for further proceedings. By decision dated June 5, 1956, D.C., 142 F.Supp. 916, the court determined that the defendant was liable to plaintiff for services rendered from May 27, 1947, to February 28, 1949, and referred the case to the Commissioner for further proceedings as to the amount of recovery.

Pursuant to said reference, a stipulation was entered into between the parties as follows:

"It is stipulated and agreed by and between counsel for the parties that pursuant to the opinion of the court

of June 5, 1956, the difference between the customary rate to which plaintiff was entitled to and the rate which it received from the defendant for the period May 27, 1947 to February 28, 1949 is $175,257.44, subject to such offsets or reductions as the defendant may prove at this trial which may be related to the complete or partial exhaustion of entitlement by the individual veterans trained, subject, however, to plaintiff's right to object as to the relevancy, materiality and competency of such evidence as defendant may offer.

"Counsel for plaintiff and defendant stipulate without prejudice to plaintiff's objection to the relevancy, materiality, competency and admissibility of the following evidence or figures in relation to determining the damages due or which may be due under the court's judgment of June 5, 1956, that:

"If the court rules that the exhaustion of entitlement by such students either before and/or after February 28, 1949 has no bearing on the judgment of June 5, 1956, the amount to be recovered by the plaintiff shall be $175,257.44; or

"If the court rules that the exhaustion of entitlement which occurred while such students were in attendance at Art Center School is a proper basis for consideration at this time, then the total amount so involved for deduction on account of such students is $25,597.57. With respect to the veterans included in this category it is further stipulated that for all practical purposes such veteran students had sufficient entitlement remaining on February 28, 1949 to satisfy plaintiff's claims therefor; and/or

"If the court rules that the exhaustion of entitlement which occurred at schools other than Art Center School after the last date of attendance at Art Center School shall be proper for consideration, then the total amount so involved for deduction on account of such students is $10,977.09; and/or

"If the court rules that, where entitlement remaining to students on the date of their last attendance at Art Center School was sufficient to satisfy only a portion of plaintiff's claim with respect to such students is proper for consideration, then the total of the amount so involved for deduction on account of such students is $11,601.16; and/or

"If the court rules that the entitlement remaining to students on the date of their last attendance at Art Center School was sufficient to satisfy only a portion of the plaintiff's claim with respect to such students but such students thereafter further consumed but did not then entirely exhaust their remaining entitlement while in attendance at a school other than Art Center School, as being proper for consideration herein, the total of the amount so involved for deduction on account of such students is $3,156.96.

"Entitlement to training under Public Law 346 was based upon active military duty during World War II and was limited to a period of time not to exceed four years. Exhaustion of entitlement under Public Law 346 could be accomplished in one or two ways or combination of both, first, in the case of four-year maximum entitlement the veteran could exhaust all of his entitlement by actually spending four years in school or, second, by accelerated rate higher than the $500 per school year prescribed in the statute, for example, the veterans might attend a school with considerably higher than average tuition charges and attend such a school for only 18 months and by expending during this period $3,066, the maximum entitlement value for the four years would be exhausted."

Thus, the question presented is whether under the former decision plaintiff is

entitled to the entire difference between the "customary rate" and the contract rate, or is entitled to an amount by which the "customary rate" does not exceed the statutory limitation set forth in Public Law 346, *infra,* as contended by defendant.

Plaintiff contends (1) that the court in the former decision decided the issue and that the question of offsets is an affirmative defense which was waived by failure of defendant to plead the same in the original case, (2) that the exhaustion of the entitlement aspect of the case is *res judicata,* and (3) that all evidence as to complete or partial exhaustion of certain veterans' entitlement under Public Law 346 is immaterial and incompetent.

Defendant, on the other hand, contends that payment for tuition furnished veterans pursuant to Public Law 346 may not be made in excess of the limitation set forth therein.

Public Law 346, known as the Servicemen's Readjustment Act of 1944, as amended, 59 Stat. 623, 624, Veterans' Regulation No. 1(A), pt. 8, subds. 2, 5 (a), 38 U.S.C.A. following section 745, provided in pertinent part as follows:

"2. Any such eligible person shall be entitled to education or training at an approved educational or training institution for a period of one year plus the time such person was in the active service on or after September 16, 1940, * * * but in no event shall the total period of education or training exceed four years: * * *

* * * * * *

"5. The Administrator shall pay to the educational or training institution, for each person enrolled in full time or part time course of education or training, the customary cost of tuition, and such laboratory, library, health, infirmary, and other similar fees as are customarily charged, * * * *Provided,* That in no event shall such payment, with respect to any person, exceed $500 for an ordinary school year unless the veteran elects to have such customary charges paid in excess of such limitation, in which event there shall be charged against his period of eligibility the proportion of an ordinary school year which such excess bears to $500: * * *."

The answer to plaintiff's first contention is obvious. We believe it is not only the duty of the Government to raise all defenses, but it is also something that could not be waived. The case is still before the court, and it is for the court to determine whether sums can be granted in excess of statutory limitation. Therefore, this question is not and could not be waived by the Government.

Plaintiff's second contention is also without merit. The issue here is the determination of the amount of recovery, necessarily bringing into play the limitation. This question was reserved for this decision and for the first time defendant has an opportunity to offer evidence relating to such limitation and the fact of offsets, if any. To be bound by *res judicata* would be to imply that defendant should have presented this matter in the first instance. Defendant was not faced with this proposition until after the liability had been determined, it having been specifically reserved. Therefore, the doctrine of *res judicata* has no application here.

This brings us to plaintiff's third and most troublesome contention.

Public Law 346, supra, provides for the education and training of World War II nondisabled veterans for a period of not over four years, depending upon their entitlement resulting from active-duty service and providing that in no event shall such payment for said schooling exceed a total of $500 for each ordinary school year with respect to any veteran.

Defendant concedes by stipulation that if the exhaustion of entitlement by such students is not for consideration, the amount to be recovered by plaintiff shall be $175,257.44. However, the parties

have stipulated that in the event such matter should be considered, plaintiff's recovery will be reduced by a total of $51,332.78, or lesser amounts under specified situations. Thus, the question to be decided here is whether or not exhaustion of entitlement is a factor in this case.

Congress, apparently in giving benefits to nondisabled veterans, intended to limit the extent of the Government's obligation therefor by limiting the period of training to four years and further limiting the payments to a total amount, which is not in excess of $500 for each ordinary school year. True, a student could use more than $500 in one year, but the excess would be taken from the remaining entitlement.

Congress also, when creating the Veterans' Education Appeals Board under an amendment to Public Law 346, 64 Stat. 336, provided in section 2 thereof * that in no event could the appeals board fix a rate of payment in excess of the maximum amount allowable under the Servicemen's Readjustment Act of 1944, as amended.[1]

Therefore, we must conclude that the question of exhaustion of entitlement is here involved and in these circumstances the Government is entitled to offsets to the extent appropriate.

The stipulation entered into between the parties is exceedingly difficult to follow in respect to the various offsets urged by the defendant; however, we feel that the effect of our previous decision should be taken as of February 28, 1949, because that is the end of the period covered by that decision. In other words, if at that date the veteran had enough entitlement remaining to permit the school to be paid at the higher rate for the training already given to the veteran, then it should be so paid. If the veteran had only enough entitlement remaining at that date so that the school could legally be paid at the higher rate for only a portion of the amount then considered due by the school, the school should receive the higher amount only up to the point where the additional payment would have extinguished that particular veteran's entitlement. In this case the plaintiff permitted certain veteran students to more than exhaust their entitlement while enrolled at Art Center School, and consequently should be charged therewith. If the Government educated the veterans further at other schools, that is a matter between the Veterans' Administration, the veteran, and the particular schools other than Art Center School. Therefore, on the basis of the stipulation, we hold that the Government is entitled to an offset of $25,597.57, the amount of the first deduction listed in the stipulation, and the plaintiff is entitled to judgment in the amount of $149,659.87.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.

* Veterans' Regulation No. 1(A), pt. 8, subd. 11(d), 38 U.S.C.A. following section 745.

1. The Servicemen's Readjustment Act of 1944, as amended, 59 Stat. 623, limited the payment to $500 for an ordinary school year.